# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

SHEILA MARTIN                                                      PLAINTIFF

v.                        No. 3:16-CV-00269-JTK

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                              DEFENDANT

## ORDER REMANDING TO THE COMMISSIONER

Sheila Martin filed for social security disability benefits with an alleged onset date of November 1, 2012. (R. at 60). The administrative law judge (ALJ) denied her application after a hearing. (R. at 19). The Appeals Council declined Martin's request for review. (R. at 1). Martin has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Martin had the severe impairments of breast cancer and hypertension. (R. at 39). The ALJ found that she had the residual functional capacity (RFC) to perform light work, except that she could only occasionally climb, stoop, crouch, kneel, or crawl; could sit for six to eight hours in an eight-hour workday; could stand or walk for six to eight hours total in an eight-hour workday and for one to two hours without interruption; and could frequently, but not constantly, reach and handle. (R. at 15). This RFC precluded Martin's past relevant work. (R. at 18). A vocational expert (VE) testified that Martin's RDFC would allow her to perform other jobs such as

poultry picker, motel cleaner/maid, credit card interviewer, or call order clerk. (R. at 19). The ALJ therefore held that Martin was not disabled. (R. at 19).

II. Discussion

Martin argues that the ALJ's RFC assessment is not supported by the medical evidence, that the ALJ erred in his credibility analysis, and that the ALJ failed to fully and fairly develop the record. As the Court agrees that the ALJ failed to properly develop the record, it is not necessary to reach Martin's other arguments.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The record in this case contains no opinion evidence from any treating or examining physician concerning Martin's limitations. In assessing Martin's limitations, the ALJ gave great weight to the two State agency consulting physicians. (R. at 17). These opinions, however, were given in May and July 2014. (R. at 67, 99). A significant portion of the medical evidence was not available for review by the State agency physicians. Generally, a non-examining physician's opinion does not constitute substantial evidence. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). It is therefore inconceivable that an opinion formed by a non-examining physician can be entitled to great weight when that opinion is formed without the benefit of a sizable portion of the medical evidence.

Without a reliable opinion from a medical source, the ALJ in this instance turned to interpreting the evidence. The ALJ relied on findings that Martin was not in acute distress, had a normal neck, and had normal strength and gait at some examinations. (R. at 17). As Martin correctly observes, the lack of "acute" distress is not an indication that there are no problems. Additionally, Martin's pain is largely attributed to neuropathy, which involves nerves rather than muscles, so it is not clear how normal strength indicates a lack of pain. (R. at 321, 762, 771, 798, 831–37). Furthermore, Martin has at times shown an antalgic or limping gait. (R. at 350, 770). Martin has alleged disability based on the effects of treatment for breast cancer, and these symptoms and causes require medical training to fully understand. Without a treating or at least examining physician's opinion, the ALJ resorted to "playing doctor," and this is not permissible. *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009). More information is necessary to properly evaluate Martin's allegations.

### III. Conclusion

The ALJ failed to fully and fairly develop the record. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary by recontacting treating physicians and/or ordering consultative examinations and to fully consider all evidence of record.

It is so ordered this 21st day of December, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE